**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOPAKCO FOODS, A Division of
So-Pak-Co, Incorporated,
Plaintiff-Appellee,

v.

DOLPHUS E. POWERS,                                    No. 98-2086
Defendant-Appellant,

v.

JOHN CALABRESE,
Third Party Defendant.

SOPAKCO FOODS, A Division of
So-Pak-Co, Incorporated,
Plaintiff-Appellee,

v.

DOLPHUS E. POWERS,                                    No. 98-2522
Defendant-Appellant,

v.

JOHN CALABRESE,
Third Party Defendant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-97-1989-4-23)

Argued: November 30, 1999

Decided: January 7, 2000

Before MICHAEL and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas R. Goldstein, BELK, COBB, CHANDLER &
GOLDSTEIN, P.A., Charleston, South Carolina, for Appellant. Hen-
rietta Urbani Golding, BELLAMY, RUTENBERG, COPELAND,
EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On July 2, 1997, Sopakco Foods ("Sopakco") brought this diversity
action in the United States District Court for the District of South Car-
olina. Sopakco's sole claim was based on a personal guaranty signed
in June 1995 by Dolphus E. Powers ("Powers"), one of two share-
holders of Miami Ice Coffee, Inc. ("Miami Ice Coffee"), a seller of
an iced coffee drink. Sopakco manufactured and produced the bever-
age for Miami Ice Coffee and Powers guaranteed that the company
would purchase a minimum of ten million units of the beverage on
or before June 1, 1997. Miami Ice Coffee failed to make the required
purchases and Sopakco sought to hold Powers liable under the guar-
anty for the remainder of the unsold units, totaling approximately
$145,000.

2

Powers did not contest signing the guaranty, but brought a counter-claim for civil conspiracy against Sopakco for allegedly conspiring with John Calabrese ("Calabrese"), the other shareholder of Miami Ice Coffee. The crux of Powers' counterclaim was that unbeknownst to him, Calabrese began negotiating with representatives of Sopakco for the sale of Miami Ice Coffee's assets and these surreptitious nego-tiations led to the downfall of Miami Ice Coffee. Of course, when Powers informed Sopakco that he was still involved in the operations of Miami Ice Coffee, Sopakco began negotiating with both sharehold-ers, but no sale of assets occurred.

After discovery, Powers and Sopakco filed cross-motions for sum-mary judgment. The district court found that the parties' memoranda adequately addressed the relevant issues and pursuant to Local Rule 7.08 the court decided the motions without a hearing.* The court granted Sopakco's motion for summary judgment, but denied Powers' motion. In its cogent June 5, 1998 order, the district court concluded that Powers was liable on the guaranty because he admitted signing it and did not raise any affirmative defenses in his answer. As for the conspiracy counterclaim, the district court held that the evidence pres-ented merely showed that once Sopakco learned that Powers remained active in Miami Ice Coffee, Sopakco included Powers in the negotiations. Because the original order granting summary judgment for Sopakco failed to specify the amount of judgment, the district court later amended the order to provide Sopakco with a judgment against Powers of $145,290.12, together with legal interest. The dis-trict court also granted Sopakco's petition for attorney fees, and denied Powers' motion for reconsideration. This appeal followed.

Upon review of the briefs and the record, and after consideration of oral arguments, we find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Sopakco Foods v. Powers, No. 4:97-1989-23 (D.S.C. June 5, 1998).

AFFIRMED
_____

*Powers' objection to summary judgment on the ground that he was not permitted to submit a particular affidavit fails for two reasons. First, the affidavit was cumulative to the deposition testimony presented. Sec-ond, the affidavit was untimely filed under the district court's local rules.